# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  September 30, 2022

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *
RUTH B. THOMPSON as              *
Personal Representative of the   *
ESTATE OF RICHARD D.             *
THOMPSON,                        *
                                 *        No. 20-003V
                                 *        Special Master Sanders
             Petitioner,         *
                                 *        UNPUBLISHED
v.                               *
                                 *
SECRETARY OF HEALTH              *        Attorneys' Fees and Costs
AND HUMAN SERVICES,              *
                                 *
             Respondent.         *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner;
*James V. Lopez,* United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 2, 2020, Ruth B. Thompson ("Petitioner"), as the personal representative of the Estate of Richard D. Thompson ("Mr. Thompson") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine Mr. Thompson received on January 5, 2017, caused

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

him to suffer from chronic inflammatory demyelinating polyneuropathy. On October 5, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on October 7, 2021. (ECF No. 29).

On April 20, 2022, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 35) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $37,930.88, representing $31,758.70 in attorneys' fees and $6,172.18 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs of $7.45 related to this litigation. *Id.* Respondent responded to the motion on April 22, 2022, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2 (ECF No. 36). Petitioner filed a reply on April 25, 2022, reiterating her belief that the requested amount for attorneys' fees and costs is reasonable. (ECF No. 37).

This matter is now ripe for consideration.

## I.       Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.       Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges

for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Leah Durant, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $441.00 per hour for work performed in 2022. These rates are consistent with what Ms. Durant has previously been awarded for her Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. However, the undersigned notes a general issue of vagueness in the description of many of the billing entries, particularly those for communication with petitioner. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, several of billing entries concerning communication do not contain any indication of the topic of that communication, (e.g., multiple entries billed only for "client call") making it difficult for the undersigned to determine whether such communication was necessary and reasonable.

For these reasons, the undersigned finds that a two percent reduction is appropriate to offset the noted billing issues. This results in a reduction of $635.17 Petitioner is therefore awarded final attorneys' fees of $31,123.53.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,172.18 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Kate Coleman for review of medical records. Fees App. at Ex. 2 at 2. Petitioner has provided adequate documentation of all these expenses and they appear

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $7.45 in pursuit of her claim. This amount is comprised of postage to mail documents to her counsel. Fees App. Ex. 2 at 19-20. The undersigned finds these costs to be reasonable and they shall be fully reimbursed.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $31,758.70 |
| (Reduction to Fees) | - ($635.17) |
| **Total Attorneys' Fees Awarded** | **$31,123.53** |
| | |
| Attorneys' Costs Requested | $6,172.18 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,172.18** |
| | |
| **Total Attorneys' Fees and Costs** | **$37,295.71** |
| | |
| **Petitioner's Costs** | **$7.45** |
| | |
| **Total Amount Awarded** | **$37,303.16** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $37,295.71, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Ms. Leah Durant; and**

2) **a lump sum in the amount of $7.45, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master